United States District Court
Southern District of Texas
FILED

JUL 2 1 2000

Michael N. Milby
Clerk of Court

*Receipt 114027*

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Juan Piña, Sr., individually and as Next Friend of
Juan Piña, Jr.

## DEFENDANTS

Dorothy Marchan

**B-00-111**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___ Cameron ___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___ Cameron ___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Raul S. Pastrana
812 San Antonio, Suite G-20
Austin, TX 78701
Tel: 512/474-4487 Fax: 512/322-9885

ATTORNEYS (IF KNOWN)
Arturo G. Michel; Yuri A. Calderón
Bracewell & Patterson, L.L.P.
711 Louisiana, Suite 2900
Houston, TX 77002-2781 Tel: 713/223-2900 Fax:713/221-1212

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability |  | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health |  | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other |  | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending |  | **SOCIAL SECURITY** | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
|  |  |  | ☐ 730 Labor/Mgmt. Reporting | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act |  | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **HABEAS CORPUS:** | ☐ 791 Empl. Ret. Inc. | or Defendant) | Under Equal Access to Justice |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | ☐ 871 IRS —Third Party | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  | 26 USC 7609 | State Statutes |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Removal under 28 U.S.C. §§ 1441(a-c). Federal jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343 based on plaintiff's federal question claims under Fourth, Fifth, and Fourteenth Amendments to United States Constitution and 42 U.S.C. § 1983.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
Unspecified

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See instructions):
IF ANY

JUDGE _____ DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD
By Permission from Arturo G. Michel

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUL 2 1 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PIÑA, SR., Individually | § | |
| And As Next Friend Of | § | |
| JUAN PIÑA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **B-00-111** |
| | § | CIVIL ACTION NO. _____ |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT DOROTHY MARCHAN'S NOTICE OF REMOVAL

Defendant Dorothy Marchan, in her official and individual capacities, files her Notice of Removal, as follows:

### I.

### PROCEDURAL HISTORY

1.    The above-captioned lawsuit is a civil rights action brought by Plaintiff Juan Piña, Sr., individually and as Next Friend of Juan Piña, Jr., the parent of a student in Point Isabel Independent School District.  On June 13, 2000, Plaintiff Juan Piña, Sr., individually and as Next Friend of Juan Piña, Jr. filed a Petition in state district court in Cameron County against Defendant Dorothy Marchan, individually and in her official capacity as an employee of the Point Isabel Independent School District.  The action is currently pending under Cause No. 2000-06-002510-E; *Juan Piña, Sr., individually and as Next Friend of Juan Piña, Jr., v. Dorothy Marchan*; In the 357th Judicial District Court, Cameron County, Texas. (the "State Court Action").

2.    On June 22, 2000, Plaintiff served the petition upon Defendant.

3.     This Notice of Removal was filed within the 30-day statutory time period for removal. 28 U.S.C. § 1446(b).

4.     Plaintiff Juan Piña, Sr., individually and as Next Friend of Juan Piña, Jr. demanded a trial by jury as part of the State Court Action.

## II.

### REMOVAL JURISDICTION AND PROCEDURE

5.     Defendant is entitled to remove the State Court Action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1446, because "[a]ny civil action of which the district courts have original jurisdiction founded on a claim of right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). In this case, Plaintiff asserts claims arising under federal law including alleged violations of rights under the Fourth, Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983 (see Plaintiff's Original Petition, pp. 2, 7-8, ¶¶ 5, 22-23). Accordingly, Defendant is entitled to remove the State Court Action.

6.     Defendant is entitled to remove the state law claims along with the federal claims asserted in the State Court Action because, in any civil action in which the district court has original jurisdiction, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).

WHEREFORE, Defendant requests that this matter be removed to federal court.

## III.

### EXHIBITS

Exhibit A      Certified Copy of Plaintiff's Original Petition

Exhibit B      Certified Copy of Citation

Exhibit C      Certified Copy of June 22, 2000 letter from Marchon

Exhibit D      Certified Copy of Original Answer

Exhibit E      Certified Copy of Civil Docket Sheet in No. 2000-06-002510-E

Exhibit F      List of Parties and Counsel

Exhibit G      Notice of Filing of Notice of Removal

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _Arturo G. Michel by Permission_

      Arturo G. Michel
      State Bar No. 14009440
      Attorney-in-Charge

711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone:    (713) 223-2900
Telecopy:     (713) 221-1212

Attorneys for the Defendant

**OF COUNSEL:**

BRACEWELL & PATTERSON, L.L.P.

Yuri Calderon
State Bar No. 00783779
800 One Alamo Center

-3-

106 S. St. Mary's Street
San Antonio, Texas 78205-3603
(210) 299-3579 - Office
(210) 226-1133 - Fax

-4-

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Notice of Removal has been forwarded by certified mail, return receipt requested, on this 21st day of July, 2000.
to:

> Mr. Raul S. Pastrana
> Pastrana Law Firm
> 812 San Antonio Street, Suite G-20
> Austin, Texas 78701

Arturo G. Michel

# CERTIFIED COPY

CAUSE NO. 2000-06-002510-E

| | | |
|---|---|---|
| JUAN PIÑA, SR., Individually | ) | IN THE DISTRICT COURT OF |
| And As Next Friend Of | ) | |
| JUAN PIÑA, JR., A Minor, | ) | CAMERON COUNTY, TEXAS |
| | ) | |
| Plaintiff, | ) | 357th JUDICIAL DISTRICT |
| v. | ) | |
| | ) | |
| DOROTHY MARCHAN, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
AURORA DE LA GARZA DIST. CLERK
___ O'CLOCK ___ M
JUN 13 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, JUAN PIÑA, SR., Individually and as Next Friend of JUAN PIÑA, JR., as the Plaintiff, and files this his Original Petition complaining of DOROTHY MARCHAN, as the Defendant, in her individual capacity and official capacity as the Principal of Derry Elementary School of the Port Isabel Independent School District, and for cause of action would respectfully show as follows:

### I. LEVEL 2 CASE

1.    Discovery in this case is intended to be conducted un ___ORIGINAL___ of the Texas Rules of Civil Procedure.

### II. PARTIES

2.    JUAN PIÑA, SR. is an adult resident of Cameron County, Texas.  He brings this action both individually and on behalf of his minor son, JUAN PIÑA, JR. (hereinafter referred to as the "Child").  JUAN PIÑA, SR. is referred to in this action as the "Plaintiff".

-1-





3.     DOROTHY MARCHAN (hereinafter referred to as the "Defendant") is an individual residing in Cameron County, Texas. At the date of the event made the basis of this suit, she was the principal of Derry Elementary School of the Port Isabel Independent School District (the "PIISD"). She may be served with process at her place of employment, being Derry Elementary School, Second and Oklahoma streets, Port Isabel, Texas 78578.

## III. JURISDICTION AND VENUE

4.     The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court. All or part of this controversy arose in Cameron County, Texas.

5.     This Court has jurisdiction to hear claims under the laws of the United States and the State of Texas, particularly the Civil Rights Act of 1870, codified at 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

6.     Venue is proper in that the incident that gave rise to this petition occurred within this jurisdiction.

## IV. FACTS

7.     The Child was born on June 17, 1990. His father is the Plaintiff. Prior to the incident made the basis of this suit, the Child was diagnosed as having a significant history of behavior problems and had been diagnosed with a psychotic disorder. Several evaluations and assessments were made of the Child's psychological problems and needs. In fact, several referrals were made by the PIISD Special Education Program for psycho-educational

-2-



evaluations. These reports were delivered to the PIISD and reviewed by school personnel and incorporated in the Child's file with the PIISD prior to the incident in question.

8.    Prior to the incident in question, the Child had experienced behavioral problems while in school, and had been taking prescription medication to address his temperament. The Child had been assigned a counselor at school, who worked with his learning disabilities. The Child's medication and therapy assisted with his behavioral problems, and redirection of his behavior a method employed by school officials to deal with the Child's acting out problems. While improvements were made in the Child's behavioral problems, he was still quite fragile and insecure just before the incident in question.

9.    As the principal of Derry Elementary School, the Child's behavior and learning problems were know to the Defendant well before the incident in question. She had access to the Child's records and knew of these problems both through her direct contact with the Child, through contact with the Plaintiff, through contact with the Child's step-mother, and through the review of the Child's educational and/or medical records.

10.    At the start of the school year in 1998, the Child was placed in the third grade, despite deficits in his learning abilities and demonstrated skills. His school was Derry Elementary School, an elementary school of the PIISD, where the Defendant was the school's principal.

11.    On or about September 14, 1998, the Child experienced behavior problems not unlike problems he previously exhibited at school. The Child's step-mother, who worked at Derry Elementary School, arrived and confirmed with M.E. Jimenez, a teacher at the

-3-

CERTIFIED
COPY

school who reported the problems to her, that this was part of the Child's emotional and mental problems. Later that day, as the Child was either going to or returning from his physical education class, M.E. Jimenez began to discipline the Child for his behavior problems by physically restraining him by the wrists. She was helped by Ross Moore, an employee of the PIISD at Derry Elementary, who helped restrain the Child. The Child fell to the floor and began acting out. He was on the floor for over five minutes. Although the Child's step-mother worked at the school, she was not called at any time to assist E.M. Jimenez or Ross Moore, either when the Child was acting out prior to falling to the floor or after he fell to the floor.

12.     The Defendant became aware of the problem in the hallway, and responded to the area. The Child was on the floor acting out due to his emotional and mental problems. The Child was picked up off the floor by the Defendant and carried into her office with the assistance of Ross Moore. Again, the Child's step-mother was not informed of the problem or called to help calm the Child by the Defendant, E.M. Jimenez or Ross Moore.

13.     The Defendant was aware of the emotional and mental problems of the Child. However, while in the Defendant's office, she held the Child by his wrists and also stepped on his feet so he could not move them. As would be expected, the Child continued to act out. However, rather than employing sensible skills and reacting appropriately to the Child's acting out, or even attempting to properly restrain the Child until he stopped acting out or help could be sought for his father or step-mother, the Defendant became upset at the

CERTIFIED
COPY

behavior of the Child. She verbally threatened to bite the eight-year-old Child if he did not stop acting out.

14.     When the Child was unable to gain enough composure to satisfy the Defendant, the Defendant grabbed the Child's arm and bit him with her teeth in an aggressive and forceful manner. The bite was severe enough to cause her teeth marks to be clearly visible on the Child's arm, with the bite area turning purple and bruised. The bite caused the Child to sustain the injuries hereinafter described.

15.     The Defendant admitted that she bite the Child after losing control of herself and not knowing what else to do to calm him down. She later admitted that it was a "knee jerk" reaction to the Child's acting out.

16.     The Defendant's conduct violated the Child's and the Plaintiff's rights guaranteed under the U.S. Constitution. Her use of force against the Child was excessive. The Child was not a threat to the Defendant at the time of her biting. The biting also exceed the bounds of disciplining a student and amounted to a deprivation of the Child's substantive due process by use of arbitrary, capricious actions on the part of the Defendant. The Defendant acted with deliberate indifference toward the Child's rights by biting him. Further, the actions of the Defendant recklessly caused bodily injury to the Child and the Plaintiff. The Defendant was acting in her capacity of the principal of Derry Elementary School when she bit the Child.


CERTIFIED
COPY

## IV. CAUSES OF ACTION

### A. COUNT ONE – NEGLIGENCE

17. Plaintiff incorporates in this Count One all preceding paragraphs by reference. The events leading up to the biting of the Child and the biting of the Child, itself, and the injuries and damages sustained by Plaintiff and the Child were a direct and proximate result of the negligence of the Defendant. Specifically, it is hereby alleged that Defendant was negligent in one or more of the following respects:

    a)     failing to properly address the needs of the Child when the Child's mental and emotional state dictated a reasonable approach, and instead biting the Child;

    b)     failing to use reasonable discipline methods, and instead biting the Child;

    c)     failing to use proper restraint of the Child, and instead biting the Child;

    d)     failing to employ sensible skills and reacting appropriately to the Child's acting out, and instead biting the Child;

    e)     failing to attempt to contact the Child's father or step-mother for assistance, and instead biting the Child; and

    f)     engaging in other acts of negligence.

18. Each of the foregoing acts and omissions of the Defendant, taken either singularly or in combination with others, were performed in a manner other than as a person of ordinary prudence would have performed under the same or similar circumstances, and constitute negligence on the part of the Defendant.

19. Further, each of the foregoing acts and omissions of the Defendant, taken either singularly or in combination with others, constituted a proximate cause of the incident

CERTIFIED
COPY

described herein, and the injuries and damages sustained by the Plaintiff and the Child as hereinafter described.

## B.    COUNT TWO – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20.    Plaintiff incorporates in this Count Two all preceding paragraphs by reference. The acts described in this Petition also constitute intentional infliction of emotional distress in that: (1) the Defendant acted intentionally or recklessly; (2) her conduct was extreme and outrageous; (3) the actions of the Defendant caused the Child and Plaintiff emotional distress; and (4) the emotional distress suffered by Plaintiff and the Child was severe.

21.    The acts and omissions of the Defendant, taken either singularly or in combination with others, constituted a proximate cause of the incident described herein, and the injuries and damages sustained by the Plaintiff and the Child as hereinafter described.

## C.    COUNT THREE – CONSTITUTIONAL VIOLATIONS

22.    Plaintiff incorporates in this Count Three all preceding paragraphs by reference.   In biting the Child, the Defendant violated the Child's Fourth and Fourteenth Amendments to the U.S. Constitution. The Child's injuries were proximately caused by the acts of the Defendant in biting him.   Moreover, the Defendant acted with deliberate indifference toward the Child's rights by biting him.

23.    The Defendant is not entitled to assert a claim of qualified immunity for her actions.   The defense of qualified immunity protects a public official from liability in the performance of her duties unless she violates a clearly established statutory or constitutional right of another known to or knowable by a reasonable person.   The Child's Fifth and

-7-

**CERTIFIED COPY**

Fourteenth Amendment rights are at issue. The Child has the right to be free of state-occasioned damage to his bodily integrity without due process. A competent teacher knows or should have known at the time of the incident that to bite an eight-year-old child is constitutionally impermissible. The actions of the Defendant in biting the Child were arbitrary, capricious and wholly unrelated to the legitimate State goal of maintaining an atmosphere conducive to learning. As such, the Defendant is not entitled to qualified immunity.

**D.    COUNT FOUR – ASSAULT**

24.    Plaintiff incorporates in this Count Four all preceding paragraphs by reference. In the alternative, and without waiving any of the foregoing Counts, the Plaintiff alleges that the Defendant committed an assault on the Child by biting him. As a direct and proximate result of the Defendant's conduct, the Child and the Plaintiff sustained the injuries and damages hereinafter described.

**V. DAMAGES**

25.    As a direct and proximate result of the Defendant's aforesaid conduct, the Child sustained bodily and mental injury. These injuries caused him considerable pain and suffering, both physical and mental in nature, in the past, and in all reasonable probability will continue to cause considerable pain and suffering, both physical and mental in nature, in the future.

-8-

CERTIFIED
COPY

26.     As a further direct and proximate result of the Defendant's aforesaid conduct, the Child some disability in the past and in all reasonable probability will continue to suffer some disability in the future.

27.     As a further direct and proximate result of the Defendant's aforesaid conduct, the Child incurred expenses for medical, nursing and/or hospital care for which Plaintiff was and is responsible to some degree, for which Plaintiff sues. Further, in all reasonable probability, the Child will continue to incur expenses for medical, nursing and/or hospital care in the future.

28.     As a further direct and proximate result of the Defendant's aforesaid conduct, the Plaintiff has been caused to suffer severe mental distress and anguish concerning the injuries suffered by the Child, as well as losses by virtue of damage to the parent-child relationship, including the right to society, affection, love, solace, comfort, companionship, emotional support, happiness with his son, the Child.

29.     Plaintiff hereby requests the court to award him compensatory damages for violation of his constitutional rights, the pain, permanent sear, mental and emotional distress the Child has suffered as a result of the Defendant's acts, omissions and violation of Child's rights.

30.     The Plaintiff requests the trier of fact to determine the dollar amount of those damages described in paragraphs 25 through and including 29, above.

CAMPDF - www.texisi.com



## VI. PUNITIVE DAMAGES

31.     Plaintiff also seeks an award of punitive damages for the intentional and malicious conduct of the Defendant in this case.

## XI. ATTORNEYS' FEES

32.     Plaintiff also requests an award of reasonable and necessary attorneys' fees in accordance with 42 U.S.C. § 183, 188.

## XII. RIGHT TO AMEND; TRIAL BY JURY

33.     The Plaintiff reserves the right to amend this pleading.  The Plaintiff demands trial by jury and has paid the jury fee as required by the Court.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, individually and on behalf of the Child, respectfully requests that the Defendant be made to answer the allegations made in this Petition and that upon the final trial of this matter, this Court grant the Plaintiff judgment against the Defendant for:

(a)     Actual damages sustained by the Plaintiff and the Child in an amount to be determined by the trier of fact;

b)      Exemplary Damages in an amount to be determined by the trier of fact;

c)      Attorneys' fees;

(d)     Prejudgment and post-judgment interest at the legal rate;

(e)     Costs of suit; and

(f)      Such other and further relief to which the Plaintiffs may be justly entitled.

-10-



CERTIFIED
COPY

Respectfully submitted,

**PASTRANA LAW FIRM**
812 San Antonio St., Suite G-20
Austin, Texas 78701
(512) 474-4487
(512) 322-9885 [FAX]

By

Raul Steven Pastrana
State Bar No. 15560845

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

BY _____ DEPUTY

-11-

# PASTRANA LAW FIRM
### 812 SAN ANTONIO ST., SUITE G-20
### AUSTIN, TEXAS 78701
### (512) 474-4487
### (512) 322-9885 FAX
### PRINCIPAL OFFICE

RAUL STEVEN PASTRANA
MARCIA D. PASTRANA

LICENSED IN TEXAS, NEW MEXICO
AND COLORADO

**CERTIFIED COPY**

EL PASO OFFICE:
521 TEXAS AVENUE
EL PASO, TEXAS 79901
(915) 577-9700
BY APPOINTMENT ONLY

May 26, 2000

*FILED*
*AURORA DE LA GARZA DIST. CLERK*
*JUN 13 2000*
*DISTRICT COURT OF CAMERON COUNTY, TEXAS*
*DEPUTY*

District Clerk for Cameron County
974 East Harrison Street
Brownsville, Texas 78520

Re:   *Juan Piña, Sr., Individually and as Next Friend of Juan Piña, Jr., a Minor;*
      Filing of New Case

Dear Cameron County District Clerk:

Enclosed for filing is Plaintiff's Original Petition initiating suit against the above-referenced Defendant. We have enclosed two copies of the Petition – one to be returned to this office in the enclosed envelope and one for the Cameron County Constable to serve on the Defendant.

Also enclosed is a check for **$253.00** to cover: (1) the filing fee of $170.00; (2) the jury fee of $30.00; (3) the $8.00 fee for issuance of one citation; and (4) the Constable's $45.00 fee for service of process.

As the Cameron County Constable will handle the service of process, please forward the citation and the copy of the Petition to the Constable and ask that he effect service.

Please contact me should you have any questions or comments.

Please contact me with any questions or comments.

Very truly yours,

**PASTRANA LAW FIRM**

Raul Steven Pastrana

Enclosures

Dist 3

# ORIGINAL - GENERAL

Citation for Personal Service

Lit. Seq. # 5.002.01

## CERTIFIED COPY

No. 2000-06-002510-E

T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: DOROTHY MARCHAN
DERRY ELEMENTARY SCHOOL
SECOND AND OKLAHOMA ST.
PORT ISABEL 78578

the _____ DEFENDANT _____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on ___ JUNE 13, 2000 ___ .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002510-E.

The style of the case is:

JUAN PINA, SR.
VS.
DOROTHY MARCHAN

Said petition was filed in said court by _____ RAUL PASTRANA
(Attorney for _____ PLAINTIFF _____), whose address is
812 SAN ANTONIO ST. SUITE G-20 AUSTIN, TEXAS  78701.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 15th day of ___ JUNE ___, A.D. 2000.

# CERTIFIED COPY

**Dorothy L. Marchan**
P.O. Box 13492
Port Isabel, Texas 78578
(956) 943-5742



June 22, 2000

Aurora De La Garza
District Clerk
974 E. Harrison Street
Brownsville, Texas 78521



FILED 12:30 O'CLOCK P M
AURORA DE LA GARZA DIST. CLERK
JUN 22 2000
DISTRICT COURT OF CAMERON COUNTY TEXAS

Dear Ms. De La Garza:

Please be advised that I have received plaintiff's original petition #2000-06-002510-E.   However, I must inform you that I will be out of the country from 6/23/00 – 7/21/00.   I will contact the court upon my return on Monday, 7/24/00.   Thank you for your assistance and cooperation in this matter.

Sincerely,

Dorothy L. Marchan
Dorothy L. Marchan

cc:  Dr. Dolores Muñoz
     P.I.I.S.D.
     Superintendent of Schools



EXHIBIT
C



# CERTIFIED COPY

CAUSE NO. 2000-09-0625 0-E

| | | |
|---|---|---|
| JUAN PIÑA, SR., Individually | § | IN THE DISTRICT COURT OF |
| And As Next Friend Of | § | |
| JUAN PIÑA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | 357th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

Defendant Dorothy Marchan ("Defendant") files her Original Answer to Plaintiff's Original Petition, as follows:

### I.
### GENERAL DENIAL

The Defendant asserts this general denial pursuant to Texas Rule of Civil Procedure 92. The Defendant denies each and every, all and singular, material allegations made in the Plaintiff's Original Petition and requests strict proof of such allegations as required by Texas law.

### II.
### DEFENSES

In asserting the following defenses, the Defendant does not admit that the burden of proving the allegations or denials contained in the defenses is upon the Defendant, but, to the contrary, that the burden of proving the facts relevant to many of the defenses and the burden of proving the inverse of the allegations contained in many of the defenses is upon the Plaintiff. Moreover, the Defendant does not admit, in asserting any defense, any liability, but, to the contrary, specifically denies any and all allegations of liability in the Plaintiff's lawsuit. Without admitting liability as to any of the Plaintiff's causes of action, the Defendant asserts the following defenses:  ORIGINAL ANSWER

EXHIBIT
D

# CERTIFIED COPY

a.      The Defendant is entitled to governmental or sovereign immunity.

b.      The Plaintiff has failed to mitigate his damages, if any.

c.      The Plaintiff has failed to assert a permissible basis for recovery of attorney's fees.

d.      The Plaintiff's claims may be barred by the defense of justification in Section 9.62 of the Penal Code.

e.      The Defendant is not liable for punitive damages.

f.      The Defendant is entitled to qualified or official immunity.

## CONCLUSION AND PRAYER

WHEREFORE, Defendant requests that, upon final resolution of this matter, the Plaintiff take nothing by way of his cause of action against Defendant. Defendant further requests all other relief, both legal and equitable, to which she is justly entitled.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _____

Arturo G. Michel
State Bar No. 14009440

South Tower Pennzoil Place
711 Louisiana, Suite 2900
Houston, Texas 77002-2781
713-223-2900 - Telephone
713-221-1212 - Fax

Yuri A. Calderón
State Bar No. 00783779

800 One Alamo Center
106 S. St. Mary's St.
San Antonio, Texas 78205-3603
Attorneys For Houston Community College System
Defendant

CutePDF - www.testto.com

Case 1:00-cv-00111   Document 1   Filed in TXSD on 07/21/2000   Page 23 of 35

# CIVIL DOCKET - JUDGE'S ENTRIES

## RULE 26-TRCP

## CERTIFIED COPY

**CASE NO.** 2000-CC-002712-C

* * * C L E R K ' S   E N T R I E S * * *

| DATE OF FILING | | |
|---|---|---|
| MONTH | DAY | YEAR |
| 06 | 15 | 00 |

**JURY**



EXHIBIT 3.

### ATTORNEYS

00537901
RAUL PASTRANA
812 SAN ANTONIO ST. SUITE G-20
AUSTIN, TEXAS      78701 0000

### KIND OF ACTION

(10)

DAMAGES/NEGLIGENCE

## COURT'S DOCKET (Rule 26, TRCP)

06/15/00   ORIGINAL PETITION FILED

A TRUE COPY I CERTIFY
AURORA DE LA GARZA-CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

BY _____ DEPUTY

GR.

ARCHAN

PAGE: 01

2000-06-002510-E

# CERTIFIED COPY

C L E R K ' S   E N T R I E S

* * * * * * * *

00537901
RAUL PASTRANA
812 SAN ANTONIO ST. SUITE G-20
AUSTIN, TEXAS      78701 0000

60426901
DOROTHY L MARCHAN
P.O. BOX 13492
PORT ISABEL, TEXAS      78578 0000

(10)

DAMAGES/NEGLIGENCE

06      15      00
30.00

PASTRANA LAW FIRM

06/13/00   JURY FEE: Pd. by RAUL PASTRANA FILED
06/15/00   ORIGINAL PETITION MARCHAN   FILED: 06/30/00
06/15/00   CITATION: DOROTHY MARCHAN   FILED
06/15/00      SERVED: 06/22/00 DOROTHY MARCHAN
06/22/00   ORIGINAL ANSWER: DOROTHY MARCHAN

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY _____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

JUAN PIÑA, SR., Individually   §
And As Next Friend Of   §
JUAN PIÑA, JR.   §
  §
        Plaintiff,   §
  §
v.   §
  §     CIVIL ACTION NO. _____
DOROTHY MARCHAN,   §
  §
        Defendant.   §

## DEFENDANT DOROTHY MARCHAN'S LIST OF PARTIES AND COUNSEL

Defendant Dorothy Marchan submits this List of Parties and Counsel required by Civil

Action LR upon removal of a case to this Court, as follows:

1.    The Plaintiff Juan Piña, Sr., individually and as Next Friend of Juan Piña, Jr. is represented

    by:

        Mr. Raul S. Pastrana
        Pastrana Law Firm
        812 San Antonio Street, Suite G-20
        Austin, Texas 78701

2.    Defendant Marchan, in her official and individual capacities, is represented by:

        Arturo G. Michel
        Bracewell & Patterson, L.L.P.
        711 Louisiana Street, Suite 2900
        Houston, Texas 77002-2781
        (713) 223-2900 - telephone
        (713) 221-1212 - facsimile

        and



EXHIBIT
F

Yuri Calderon
Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205-3603
(210) 299-3579 - telephone
(210) 226-1133 - facsimile

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PIÑA, SR., Individually | § | |
| And As Next Friend Of | § | |
| JUAN PIÑA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE IN A REMOVED ACTION

I certify that a true and correct copy of the foregoing Certificate of Service in a Removed

Action has been forwarded to:

Mr. Raul S. Pastrana
Pastrana Law Firm
812 San Antonio Street, Suite G-20
Austin, Texas 78701

by certified mail, return receipt requested, on this 21st day of July, 2000.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _Arturo G. Michel by Permission_
　　　Arturo G. Michel
　　　State Bar No. 14009440
　　　Attorney-in-Charge

711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone:　(713) 223-2900
Telecopy:　(713) 221-1212

Attorneys for the Defendant

**CERTIFIED
COPY**

CAUSE NO. 2000-06-002510-E

| | | |
|---|---|---|
| JUAN PIÑA, SR., Individually | § | IN THE DISTRICT COURT OF |
| And As Next Friend Of | § | |
| JUAN PIÑA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | 357th JUDICIAL DISTRICT |

## NOTICE OF FILING NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant Dorothy Marchan filed a Notice of Removal on

July 21, 2000. The Notice of Removal is attached as Exhibit A. This action is now pending in the

United States District Court for the Southern District of Texas, Brownsville, Division.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _Arturo G. Michel by Permission_
    Arturo G. Michel
    State Bar No. 14009440
    Attorney-in-Charge

711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone:   (713) 223-2900
Telecopy:    (713) 221-1212

Attorneys for the Defendant

4:02   P

Dora Ahumada



EXHIBIT
G

**OF COUNSEL:**

BRACEWELL & PATTERSON, L.L.P.

Yuri Calderon
State Bar No.00783779
800 One Alamo Center
106 S. St. Mary's Street
San Antonio,Texas 78205-3603
(210) 299-3579 - Office
(210) 226-1133 - Fax

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Notice of Filing Notice of Removal has been forwarded by certified mail, return receipt requested, on this 21st day of July, 2000 to:

Mr. Raul S. Pastrana
Pastrana Law Firm
812 San Antonio Street, Suite G-20
Austin, Texas 78701

Arturo G. Michel

MICHAG\068296\000006
HOUSTON\1148114.1

-3-

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PIÑA, SR., Individually | § | |
| And As Next Friend Of | § | |
| JUAN PIÑA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-111 |
| | § | |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT DOROTHY MARCHAN'S LIST OF PARTIES AND COUNSEL

Defendant Dorothy Marchan submits this List of Parties and Counsel required by Civil

Action LR upon removal of a case to this Court, as follows:

1.   The Plaintiff Juan Piña, Sr., individually and as Next Friend of Juan Piña, Jr. is represented

by:

> Mr. Raul S. Pastrana
> Pastrana Law Firm
> 812 San Antonio Street, Suite G-20
> Austin, Texas 78701

2.   Defendant Marchan, in her official and individual capacities, is represented by:

> Arturo G. Michel
> Bracewell & Patterson, L.L.P.
> 711 Louisiana Street, Suite 2900
> Houston, Texas 77002-2781
> (713) 223-2900 - telephone
> (713) 221-1212 - facsimile

and

**OF COUNSEL:**

BRACEWELL & PATTERSON, L.L.P.

Yuri Calderon
State Bar No. 00783779
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205-3603
(210) 299-3579 - Office
(210) 226-1133 - Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PIÑA, SR., Individually | § | |
| And As Next Friend Of | § | |
| JUAN PIÑA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | |

**B-00-111**

## CERTIFICATE OF SERVICE IN A REMOVED ACTION

I certify that a true and correct copy of the foregoing Certificate of Service in a Removed

Action has been forwarded to:

> Mr. Raul S. Pastrana
> Pastrana Law Firm
> 812 San Antonio Street, Suite G-20
> Austin, Texas 78701

by certified mail, return receipt requested, on this 21st day of July, 2000.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _Arturo G. Michel by Permission_
　　Arturo G. Michel
　　State Bar No. 14009440 _Richard Uloly_
　　Attorney-in-Charge

711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone:　(713) 223-2900
Telecopy:　(713) 221-1212

Attorneys for the Defendant

Yuri Calderon
Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205-3603
(210) 299-3579 - telephone
(210) 226-1133 - facsimile

MICHAG\068296\000006
HOUSTON\1148119 1

-2-

CibPDF - www.fastio.com

# PASTRANA LAW FIRM

812 SAN ANTONIO ST., SUITE G-20
AUSTIN, TEXAS 78701
(512) 474-4487
(512) 322-9885 FAX
PRINCIPAL OFFICE

**CERTIFIED
COPY**

RAUL STEVEN PASTRANA
MARCIA D. PASTRANA

LICENSED IN TEXAS, NEW MEXICO
AND COLORADO

EL PASO OFFICE:
521 TEXAS AVENUE
EL PASO, TEXAS 79901
(915) 577-9700
BY APPOINTMENT ONLY

May 26, 2000

FILED
AURORA DE LA GARZA DIST. CLERK
O'CLOCK M
JUN 13 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Maria Palomo DEPUTY

District Clerk for Cameron County
974 East Harrison Street
Brownsville, Texas  78520

Re:   *Juan Piña, Sr., Individually and as Next Friend of Juan Piña, Jr., a Minor,*
      Filing of New Case

Dear Cameron County District Clerk:

Enclosed for filing is Plaintiff's Original Petition initiating suit against the above-referenced Defendant. We have enclosed two copies of the Petition – one to be returned to this office in the enclosed envelope and one for the Cameron County Constable to serve on the Defendant.

Also enclosed is a check for **$253.00** to cover: (1) the filing fee of $170.00; (2) the jury fee of $30.00; (3) the $8.00 fee for issuance of one citation; and (4) the Constable's $45.00 fee for service of process.

As the Cameron County Constable will handle the service of process, please forward the citation and the copy of the Petition to the Constable and ask that he effect service.

Please contact me should you have any questions or comments.

Please contact me with any questions or comments.

Very truly yours,

**PASTRANA LAW FIRM**

Raul Steven Pastrana

Enclosures

6/15/00
OP + 5F OK
@ 223.00 + $30⁰⁰ = $253⁰⁰
mc