16

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 4 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN PINA, SR., Individually And as Next Friend Of JUAN PINA, JR. <br> Plaintiff, <br><br> v. <br><br> DOROTHY MARCHAN, <br> Defendant. | § § § § § § § § § § |

CIVIL ACTION NO. B-00-111

## DEFENDANT'S MOTION FOR MENTAL EXAMINATION

The Defendant, Dorothy Marchan, requests a mental examination of the Plaintiff, Juan Pina, Jr., and in support thereof would show the Court as follows:

*Background.* The Plaintiff, Juan Pina, Sr., Individually and as Next Friend to Juan Pina, Jr. has filed suit against Defendant, Dorothy Marchan, claiming negligence, intentional infliction of emotional distress, Fourth and Fourteenth Amendment violations and assault arising out of an incident which occurred on September 14, 1998 between the Plaintiff's son, Juan Pina, Jr., a former student at Derry Elementary School, and Dorothy Marchan, Principal of Derry Elementary School.

*The Incident.* The facts of this case are generally not in dispute. During the time in question, Juan Pina, Jr. ("Student") was an eight (8) year old student at Derry Elementary School. The Student received and continues to receive special education services as a result of severe behavioral problems. On September 14, 1998, the date of the alleged incident made the subject of this lawsuit, the Student was refusing to cooperate with teachers. Several unsuccessful attempts were made by different teachers throughout the morning to obtain the Student's cooperation. For the most part, the Student was lying on the floor refusing to complete any tasks. At physical education time (P.E.), the Student had to be lifted to his feet and escorted down the hall by two teachers. The Student

fought and screamed the entire way. In front of the library, before reaching P.E., the Student dropped to the floor. He began to throw a tantrum, kicking, swinging punches at the teachers, and yelling profanities. At one point the Student attempted to bite the teachers and kicked one of the teachers in the chest with both feet. The teachers attempted to restrain the Student while another staff person notified the central office of the incident. The Defendant was notified of these events and was led down the hallway to the library where the incident was occurring. Defendant notified the teachers that it was necessary to remove the student from the hallway to avoid further exposure to other students. Defendant and two teachers lifted the student while restraining him and carried him to the office area. Defendant attempted to reason with the Student by crouching down to his level. After making an attempt to stomp on Defendant's feet, the Student bit Defendant's right hand. Defendant scolded him and told him not to do it again. Within minutes he bit her again. At that point Defendant told him to stop and further told him that if he did it again she would bite him back. The Student bit her a third time and Defendant bit the Student back. Within minutes the child settled down and answered Defendant's questions. He returned to class.

The issue before the Court is damages as to the Defendant, Dorothy Marchan with respect to certain state law claims. Defendant Marchan in her official capacity asserts that Plaintiff has failed to state a cause of action.

*Argument and Authorities*. Rule 35 FED. R. CIV. P. states that a party may request that the Court order the examination of the person, and the mental (or physical) condition of the person must be in controversy. In this case, Juan Pina, Jr.'s mental state is definitely in controversy. The Plaintiff is claiming that both he and his child (Juan Pina, Jr.) suffered injuries (both physical and mental) and damages as a result of the incident outlined above. Plaintiff contends that Juan Pina, Jr.'s mental state, which was previously diagnosed among other things as "psychotic," was severely

affected by the subject incident. Defendant, Dorothy Marchan contends that the Plaintiff suffered minimal harm, if any, as a result of the incident. Juan Pina, Jr.'s mental and behavioral problems have all been diagnosed and were prevalent before the incident subject of this suit ever happened. The case of *Schlagenhauf v. Holder* states that a defendant may assert pre-existing mental or physical condition as a defense, 379 U.S. 104, 85 S.Ct. 234 (1964). Therefore, in order to determine the extent of the damages claimed by Juan Pina, Jr., if any, it is necessary and good cause exists for the mental examination and assessment of Juan Pina, Jr. since his mental condition is genuinely in controversy in this case. Moreover, there are conflicting medical reports related to Juan Pina, Jr. Specifically, Juan Pina, Jr. was diagnosed with post-traumatic stress disorder both prior and subsequent to the incident made the basis of this suit. Therefore, the information sought to be elicited through a mental examination of Juan Pina, Jr. is necessary to determine the appropriate damages and defense in this matter.

*Relief requested.* Defendant, therefore, requests that the Court order that the examination include neurological and psychological examination, diagnostic manipulations and any other tests and procedures that may be deemed necessary or desirable for a complete examination relating to the condition in controversy in this action. If the examination cannot be completed on the date specified, it should be adjourned and continued at the earliest possible convenience without further order of the Court.

Defendant further requests that the Court ordering the examining psychologist/psychiatrist to prepare a report in writing within two (2) weeks following the date on which the examination is completed and to furnish a copy of the report to Plaintiff on request, provided that Plaintiff simultaneously furnishes to Defendant a like report of any examination made thereafter. The Court

should require that these reports be prepared by the examining psychologist/psychiatrist, setting out detailed findings, including the results of all tests made, diagnoses and conclusions.

Defendant requests that the Court make a finding that good cause exists for ordering the mental examination of Juan Pina, Jr. and that the Court order Juan Pina, Sr. to appear with Juan Pina, Jr. at the time fixed for the examination and to cooperate with the examining psychologist/psychiatrist in completing the examination in every respect; that the Court further order that in the event of any objection to the nature or content of the reports of the examining psychologist/psychiatrist they be delivered to the Court without further order for an *in camera* inspection by the Court to determine the validity of the objection.

WHEREFORE, Defendant respectfully requests that the Court grant her Motion for Mental Examination of Juan Pina, Jr. on the terms and conditions requested.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: /s/ Yuri A. Calderon (by permission)

**Yuri A. Calderon**
State Bar No. 00783779
**Attorney-in-charge**

Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205
(210) 226-1166 - Telephone
(713) 226-1133 - Facsimile

ATTORNEYS FOR DEFENDANT,
Dorothy Marchan

-4-

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Raul Steven Pastrana regarding the substance of this Motion. Mr. Pastrana indicated that he is unopposed to an IME, however, he requested additional time to obtain information on Dr. Murphey, the psychologist proposed by Defendant to perform the IME.

_____
Yuri A. Calderón

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Defendant's Motion for Mental Examination via Certified Mail, Return Receipt Requested to Raul Steven Pastrana, Pastrana Law Firm, 812 San Antonio Street, Suite G20, Austin, Texas 78701 counsel of record for Plaintiff, on June 13, 2001.

_____
Yuri A. Calderón