*18*

United States District Court
Southern District of Texas
FILED

JUN 2 2 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PINA, SR., Individually | § | |
| And as Next Friend Of | § | |
| JUAN PINA, JR. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-111 |
| | § | |
| DOROTHY MARCHAN, | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESSES

The Defendant, Dorothy Marchan, moves to strike Plaintiff's Expert Witnesses as follows:

*Background.* The Plaintiff, Juan Pina, Sr., Individually and as Next Friend to Juan Pina, Jr.

has filed suit against Defendant, Dorothy Marchan, claiming negligence, intentional infliction of

emotional distress, Fourth and Fourteenth Amendment violations and assault arising out of an

alleged incident which occurred on September 14, 1998 between the Plaintiff's son, Juan Pina, Jr.,

a former student at Derry Elementary School, and Dorothy Marchan, Principal of Derry Elementary

School.

On December 20, 2000, the Court entered its Rule 16 of the Federal Rules of Civil Procedure

Scheduling Order requiring Plaintiff to designate experts and furnish expert reports by March 30,

2001, and further that all discovery be completed by June 22, 2001.

To date, Plaintiff has not designated any expert witnesses nor has Plaintiff produced any

expert reports.

*Argument and Authorities.* Rule 26 requires that each party designate expert witnesses and

as to each expert, provide (i) a complete statement of all opinions to be expressed and the basis and

reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. Fed. R. Civ. P. 26(a)(2). The Plaintiff has failed to designate any expert witnesses and supply any reports or information as required by Rule 26 to the Defendants. A district court does not abuse its discretion in excluding the testimony of experts whose reports are insufficient under Rule 26. *See generally Sierra Club v. Cedar Point Oil*, 73 F.3d 546, 571 (5th Cir. 1996) (holding that trial court did not abuse its discretion in excluding defendants' insufficient experts' reports and testimony); *see also Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (holding that district court properly excluded expert designation that was filed after deadline imposed by Rule 16 scheduling order); *Campbell v. McMillin*, 83 F.Supp.2d 761, 765 (S.D.Miss. 2000) (holding that Plaintiff's four paragraph report did not comply with Rule 26(a)(2)(B), is stricken and Plaintiff is barred from offering the testimony at trial). A major purpose of Rule 26 is to eliminate unfair surprise to the opposing party and to promote the conservation of resources. *Sierra Club,* 73 F.3d at 571. Ideally, the requirement of detailed reports should obviate the need for expert depositions in many cases. Fed.R.Civ.Pro. Rule 26(a)(2), *1993* Advisory Committee Notes.

     *Relief requested.* Because the Plaintiff has failed to comply with Rule 26 of the Federal Rules of Civil Procedure, the Defendant moves the Court to strike any witnesses of the Plaintiff that

attempt to provide expert testimony.  In the alternative, the Defendant would request (i) that the Court order the Plaintiff to immediately designate expert witnesses, furnish expert reports for each of his experts and (ii) that the Court grant the Defendant additional time in which to depose Plaintiff's experts, designate her expert witnesses and provide her expert reports.  Without any information about Plaintiff's experts, the Defendant is handicapped in her ability to designate her own experts and prepare her own reports.  Defendant requests that she be permitted to submit her expert reports 30 days after receipt of the Plaintiff's experts' reports.

In conclusion, the Defendant moves the Court to strike and exclude the Plaintiff's witnesses that attempt to provide expert testimony at the trial in this matter.  In the alternative, the Defendant moves the Court to order the Plaintiff to immediately submit expert reports and to extend the time for Defendant to depose Plaintiff's expert witnesses and file her own expert reports.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _____

**Yuri A. Calderon**
State Bar No. 00783779
**Attorney-in-charge**

Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205
(210) 226-1166 - Telephone
(713) 226-1133 - Facsimile

ATTORNEYS FOR DEFENDANT,
Dorothy Marchan

-3-

## CERTIFICATE OF CONFERENCE

I hereby certify that I have attempted to obtain Plaintiff's expert designations and expert reports. I have had telephone conferences with Plaintiff's counsel, and a letter dated June 13, 2001 was sent to Plaintiff's counsel regarding Plaintiff's failure to provide expert reports. (See Exhibit "A" attached). Defendant further attempted to confer with Plaintiff's counsel on June 21, 2001, but has not received a return call.

_____
Yuri A. Calderón

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Defendant's Motion to Strike Plaintiff's Expert Witnesses via Certified Mail, Return Receipt Requested to Raul Steven Pastrana, Pastrana Law Firm, 812 San Antonio Street, Suite G20, Austin, Texas 78701 counsel of record for Plaintiff, on June 21, 2001.

_____
Yuri A. Calderón

-4-

# EXHIBIT "A"

CVisPDF – www.fwsio.com



2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Phone: 361.882.6644
Fax: 361.882.6659

June 13, 2001

***By Telecopy***

Mr. Raul Steven Pastrana
Law Office of Pastrana
812 San Antonio Street, Suite G20
Austin, Texas 78701

    Re:    Civil Action No. B-00-111; *Juan Pina, Sr. v. Dorothy Marchan*; In the United States
            District Court For the Southern District of Texas, Brownsville Division.

Dear Mr. Pastrana:

In our telephone conference last week, I informed you that my client authorized me to offer $50,000.00 to settle the above-referenced matter. During the same conversation you informed me that your client was prepared to accept $185,000.00 to settle this matter.

Although my client is unable to accept your client's demand, we are interested in continuing negotiations in an effort to resolve this matter. Therefore, by copy of this letter, I am requesting that the Mediator, Judge James DeAnda, continue to assist us in our settlement negotiations.

In light of the quickly approaching deadlines, we must continue preparing this case for trial. As such, it has come to my attention that your client has not responded to the discovery which we propounded to your client. Specifically, we served you with the Defendant's First Set of Interrogatories and Requests for Production on April 5, 2000. Your client's answers were due on or about May 8, 2001, and to date, I have not received your client's responses. Please send those to my office as soon as possible. On a different discovery matter, please know that I would like to depose Mary Guayardo, Juan Pina's stepmother, prior to June 22, 2001, if possible. Please let me know Ms. Guayardo's availability as soon as you can. I would also like to depose Dr. Hernandez. I suspect that scheduling his deposition may be more difficult within the discovery deadline. Please notify me if you would be willing to proceed with this deposition beyond the discovery deadline. Nevertheless, I would like his report prior to the deadline.



Mr. Raul Steven Pastrana
June 13, 2001
Page 2

Lastly, pursuant to our previous discussions regarding the IME of Juan Pina, Jr., we would like to use a psychologist by the name of Dr. JoAnn Murphey, who is located at 12915 Jones Maltsberger, Suite 400, San Antonio, Texas 78230, (210) 495-0221. Dr. Murphey requires a diagnostic interview with the Subject to determine what testing will be appropriate for the situation (especially since the Subject is a minor child). Therefore, I have tentatively scheduled Juan's interview for June 28, 2001 at 3:30 p.m. Dr. Murphey indicated that it is possible to conduct some testing on Juan at this diagnostic interview, but most of the diagnostic testing will have to take place after the interview. Therefore, another appointment for the actual testing will have to be scheduled. Due to time constraints, I have sent the Motion to the Court for filing.

I know I have covered several different issues in this correspondence, however, it is my hope that we will be able to reach a resolution of this matter soon. Please call me at your earliest convenience to discuss these pending issues.

Thank you for your continued courtesy and cooperation.

Very truly yours,

Bracewell & Patterson, L.L.P.

Yuri A. Calderon

YAC/tmz

cc:   Honorable James DeAnda
      Solar & Associates, L.L.P.
      Williams Tower
      2800 Post Oak Boulevard, Suite 6300
      Houston, Texas 77056

CALDYA\068296\000006
SAN ANTONIO\556584.2
6/13/01-5:22 PM



**800 One Alamo Center**
**106 S. St. Mary's Street**
**San Antonio, Texas 78205-30603**
**Phone: 210.226.1166**
**Toll Free: 888.597.1166**

## Fax Cover Letter

Please deliver the following pages to  Raul Steven Pastrana

Fax Number:  512-322-9885

This fax is from  Yuri A. Calderon

and is being transmitted on  June 13, 2001  at  5:34 PM     .  The length of this fax, (including the cover letter), is

  12  pages.

### Client Matter Name: Pina/Marchan - Client Matter No.: 068296.000006

The fax machine number is  210.226.1133.  If you do not receive all pages, please call 210.226.1166.

### Message

### Confidentiality Notice

This fax from the law firm of Bracewell & Patterson, L.L.P. contains information that is confidential or privileged, or both.  This information is intended only for the use of the individual or entity named on this fax cover letter.  Any disclosure, copying, distribution or use of this information by any person other than the intended recipient is prohibited. If you have received this fax in error, please notify us by telephone immediately at 210.226.1166 so that we can arrange for the retrieval of the transmitted documents at no cost to you.

Houston      Austin      Corpus Christi      Dallas      Fort Worth      San Antonio      Washington, D.C.      London      Almaty