*19*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 2 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN PINA, SR., Individually | § | |
| And as Next Friend Of | § | |
| JUAN PINA, JR. | § | |
|     Plaintiff, | § | |
| | § | |
|     v. | § | CIVIL ACTION NO. B-00-111 |
| | § | |
| DOROTHY MARCHAN, | § | |
|     Defendant. | § | |

## DEFENDANT'S MOTION TO COMPEL RESPONSES
## TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

The Defendant, Dorothy Marchan, moves to compel responses to her interrogatories and requests for production as follows:

*Background.* The Plaintiff, Juan Pina, Sr., Individually and as Next Friend to Juan Pina, Jr. has filed suit against Defendant, Dorothy Marchan, claiming negligence, intentional infliction of emotional distress, Fourth and Fourteenth Amendment violations and assault arising out of an alleged incident which occurred on September 14, 1998 between the Plaintiff's son, Juan Pina, Jr., a former student at Derry Elementary School, and Dorothy Marchan, Principal of Derry Elementary School.

On December 20, 2000, the Court entered its Rule 16 of the Federal Rules of Civil Procedure Scheduling Order requiring discovery to be completed by June 22, 2001.

On April 5, 2001, Defendant sent to Plaintiff her First Set of Written Interrogatories and Requests for Production. *See Exhibits "A" and "B" attached hereto and incorporated herein.* The Plaintiff's Answers were to be submitted to the Defendant on or before May 8, 2001. Despite

Defendant's attempts to obtain Plaintiff's answers to her discovery requests, Plaintiff has wholly failed to respond to the discovery requests as of the filing of this motion.

Defendant has attempted to obtain Plaintiff's responses to her discovery requests.  In fact, Defendant's counsel sent a letter to Plaintiff's counsel on June 13, 2001, requesting Plaintiff's responses to the First Set of Interrogatories and Requests for Production. *See Exhibit "C" attached hereto and incorporated herein.*

*Argument and Authorities*.    Rule 37(a) of the Federal Rules of Civil Procedure authorizes the filing of a motion to compel in order to obtain responses to appropriate discovery requests. Additionally, Rule 37(a)  provides sanctions against a party for failure to properly respond to discovery requests.

*Relief requested.*  Because the Plaintiff has failed to respond to Defendant's First Set of Written Interrogatories and Requests for Production propounded in accordance with Rules 33 and 34 of the Federal Rules of Civil Procedure, the Defendant moves the Court to compel Plaintiff's responses to her discovery requests. Alternatively, and as a sanction for Plaintiff's failure to comply with the Federal Rules of Civil Procedure, Defendant requests that the Court strike Plaintiff's witnesses and pleadings as the Court may deem proper.

The Defendants pray that the Court will grant this motion, order the Plaintiff to pay Defendant's reasonable and necessary attorney's fees for having to file this motion, and such other and further relief to which it may be entitled.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _____

**Yuri A. Calderon**
State Bar No. 00783779
**Attorney-in-charge**

Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205
(210) 226-1166 - Telephone
(713) 226-1133 - Facsimile

ATTORNEYS FOR DEFENDANT,
Dorothy Marchan

## CERTIFICATE OF CONFERENCE

I hereby certify that several attempts have been made to obtain Plaintiff's responses to Defendant's discovery requests. I have had telephone conferences with Plaintiff's counsel, and a letter dated June 13, 2001 was sent to Plaintiff's counsel regarding Plaintiff's failure to respond to Defendant's discovery requests. (See Exhibit "C" attached). I further attempted to confer with Plaintiff's counsel on June 21, 2001, but have not received a return call.

_____
**Yuri A. Calderón**

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Defendant's Motion to Compel Responses to Discovery Requests via Certified Mail, Return Receipt Requested to Raul Steven Pastrana, Pastrana Law Firm, 812 San Antonio Street, Suite G20, Austin, Texas 78701 counsel of record for Plaintiff, on June 21, 2001.

Yuri A. Calderón

# EXHIBIT "A"

CVISPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PINA, SR., Individually | § | |
| And as Next Friend Of | § | |
| JUAN PINA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-111 |
| | § | |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST SET OF WRITTEN INTERROGATORIES TO PLAINTIFF

TO:   Plaintiff, JUAN PINA, SR., Individually and
as Next Friend of Juan Pina, Jr.
By and through his attorney of record
Raul Steven Pastrana
Pastrana Law Firm
812 San Antonio Street, Suite G20
Austin, Texas 78701

The Defendant, DOROTHY MARCHAN notifies Plaintiff, JUAN PINA, SR., Individually

and as Next Friend of JUAN PINA, JR. ("Plaintiff") that in accordance with Rule 33 of the Federal

Rules of Civil Procedure answers to the following Interrogatories must be submitted to the

Defendant within 30 days. The Interrogatories are to be answered separately by Plaintiff under oath,

and Plaintiff is notified that the answers may be offered into evidence at the time of trial. Plaintiff's

answers are to include all information called for by these Interrogatories which is available to

Plaintiff or which can be ascertained by consulting business records, personnel records, medical

records, income tax returns, and all other documents within Plaintiff's custody or control. Plaintiff

is further notified of his duty under Rule 33 of the Federal Rules of Civil Procedure to amend his

answers if an answer was incorrect when made; or, if an answer, though correct when made, is no

CMxPDF - www.fesau.com

longer correct, true, or complete, and the circumstances are such that a failure to amend the answer is a knowing concealment.

## INSTRUCTIONS AND DEFINITIONS

1.     All interrogatories must be answered fully in writing in accordance with Rules 33 and 11 of the Federal Rules of Civil Procedure.

2.     All answers to interrogatories must be signed under oath by the party.

3.     In the event any question cannot be fully answered after the exercise of reasonable diligence, the party shall furnish as complete an answer as he can and explain in detail the reasons why he cannot give a full answer, and state what is needed to be done in order to be in a position to answer fully and estimate when he will be in that position.

4.     If there is more than one plaintiff or more than one defendant in a case, each interrogatory must be answered separately for each unless the answer is the same for all.

5.     Each interrogatory shall be set forth immediately prior to the answer thereto.

6.     These Interrogatories are continuing in nature.  If further information comes to your possession, or is brought to your attention, or your attorney's, during the course of trial, or in preparation for trial, supplementation of your answers is required.

7.     The responses to these interrogatories should reflect the cumulative knowledge of the Plaintiff and his attorneys, and/or agents unless such knowledge is privileged and the privilege is specifically and timely claimed.

8.     The following definitions are provided for the purpose of answering these requests:

CutePDF - www.tesea.com

9. **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), either orally or in writing, including, but not limited to, telephone conversations, meetings, letters, papers, memoranda, notes, investigative reports, affidavits, tape recordings, written statements and/or summaries

10. **Document or other materials**. The term "document or other materials" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and may include, but not limited to, the compilation of data or information of any variety or kind, including letters, papers, memoranda, notes, investigative reports, affidavits, tape recordings, written statements or summaries, diagnosis, medical invoices, medical reports, expert reports, photographs, graphs, journals, and charts. A draft of a non-identical copy is a separate document within the meaning of this term.

11. **Identify (With Respect to Persons)**. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12. **Identify (With Respect to Documents)**. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

13. **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its

CVISPDF - www.fastio.com

officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

14. **Person**. The term "person" is defined as any natural person or business, legal or governmental entity or association.

15. **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

16. **"You" or "your"** means JUAN PINA, SR. and all other persons acting or purporting to act on behalf of JUAN PINA, SR.

# FIRST SET OF WRITTEN INTERROGATORIES

## Interrogatory No. 1:

Please state your full name, date and place of birth, current home and work telephone numbers, full

current home and mailing address, social security number, and current driver's license number.

**Answer:**

## Interrogatory No. 2:

Identify the name and address of each person answering, or otherwise supplying information, or in

any way assisting with the preparation of these interrogatories.

**Answer:**

## Interrogatory No. 3.

Identify all lawsuits to which you have been a party.  Please provide the case style, docket number,

court, nature of the dispute, and outcome.

**Answer:**

## Interrogatory No. 4:

Identify each person whom you expect to call as an expert witness at the trial of this case, and, as to

each expert so identified, state the subject matter on which he or she is expected to testify, the

substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

**Answer:**

**Interrogatory No. 5:**

Please identify any and all behavioral, psychotic and/or emotional disorders for which Juan Pina, Jr. has been diagnosed <u>prior</u> to September 14, 1998.

**Answer:**

**Interrogatory No. 6:**

With regard to your answer to Interrogatory No. 5 above, for each condition diagnosed please identify by name, address and telephone number the doctor, physician, psychologist, psychiatrist and/or therapist which made the diagnosis and provide the date on which each diagnosis was made.

**Answer:**

**Interrogatory No. 7:**

Please identify any and all behavioral, psychotic and/or emotional disorders for which Juan Pina, Jr. has been diagnosed <u>subsequent</u> to September 14, 1998.

**Answer:**

CVisPDF - www.fastio.com

**Interrogatory No. 8:**

With regard to your answer to Interrogatory No. 7 above, for each condition diagnosed please identify by name, address and telephone number the doctor, physician, psychologist, psychiatrist and/or therapist which made the diagnosis and provide the date on which each diagnosis was made.

**Answer:**

**Interrogatory No. 9:**

Please identify by name any and all prescription medications which Juan Pina, Jr. has ingested for treatment of the behavioral, psychotic and/or emotional conditions identified in your answers to Interrogatory Nos. 5 and 7 above. In your answer, please identify the name, address and telephone number of the doctor, physician, psychologist, psychiatrist and/or therapist who prescribed the medication and the date on which the medication was prescribed.

**Answer:**

**Interrogatory No. 10:**

If Juan Pina, Jr. has ever been hospitalized or committed to any medical, psychological, neurological, or emotional institution for the behavioral, psychotic and/or emotional problems identified in your answers to Interrogatory Nos. 5 and 7 above, please provide the dates for each hospitalization or commitment, the name, address and telephone number of each facility where Juan Pina, Jr. was hospitalized or committed, and the name, address and telephone number of each doctor, physician, psychologist, psychiatrist and/or therapist who recommended the hospitalization or commitment.

**Answer:**

CMPDF - www.faxta.com

**Interrogatory No. 11:**

Describe in detail the how the incident made the basis of this lawsuit occurred, and the acts and/or omissions of Dorothy Marchan and/or the Point Isabel Independent School District regarding the incident made the basis of this lawsuit.

**Answer:**

**Interrogatory No. 12:**

Describe the "mental distress and anguish" you claim to be experiencing as a result of the incident made the basis of this lawsuit.  In your response, describe how you arrived at the damage figure of $100,000.00 claimed in your Rule 26 Disclosures.

**Answer:**

**Interrogatory No. 13:**

Describe the "damage to the Parent-Child relationship" that you claim as a result of the incident made the basis of this lawsuit.  In your response, describe how you arrived at the figure of $100,000.00 claimed in your Rule 26 Disclosures.

**Answer:**

CM/PDF - www.fastio.com

**Interrogatory No. 14:**

Describe in detail the physical pain and suffering being experienced by Juan Pina, Jr. that you claim is directly related to the incident made the basis of this lawsuit. In your response, describe how you arrived at the figure of $80,000.00 claimed in your Rule 26 Disclosures.

**Answer:**


**Interrogatory No. 15:**

Describe in detail the "mental pain, suffering and anguish, past and future" being experienced by Juan Pina, Jr. that you claim is directly related to the incident made the basis of this lawsuit. In your response, describe how you arrived at the figure of $250,000.00 claimed in your Rule 26 Disclosures.

**Answer:**


**Interrogatory No. 16:**

Describe in detail the "mental disability, past and future" being experienced by Juan Pina, Jr. that you claim is directly related to the incident made the basis of this lawsuit. In your response, describe how you arrived at the figure of $50,000.00 claimed in your Rule 26 Disclosures.

**Answer:**

**Interrogatory No. 17:**

If you contend that Juan Pina, Jr. has been injured or damaged, please provide the name, address and telephone number of each doctor, physician, psychologist, psychiatrist and/or therapist who treated Juan Pina, Jr. for his injuries, and provide the dates on which Juan Pina, Jr. sought treatment.

**Answer:**

**Interrogatory No. 18:**

If you, either individually or on behalf of Juan Pina, Jr., or both are seeking an award of any sum of money not stated in Interrogatories 12 through 16, whether by damages or otherwise, state the full amount of money you seek and describe the manner in which the amount was calculated. Your description should include each element of damage or component of recovery that you seek, the amount sought for each element or component, the manner in which each element or component of the calculation was determined, and should identify the source of each number used in the calculation.

**Answer:**

**Interrogatory No. 19:**

Describe the Point Isabel Independent School District custom, practice or policy that you claim caused Constitutional injury to you or Juan Pina, Jr.

**Answer:**

-10-

**Interrogatory No. 20:**

Describe how Dorothy Marchan violated your Fourth Amendment rights.

**Answer:**

**Interrogatory No. 21:**

Describe how Dorothy Marchan violated your Fifth Amendment rights.

**Answer:**

**Interrogatory No. 22:**

Describe how Dorothy Marchan violated your Fourteenth Amendment rights.

**Answer:**

**Interrogatory No. 23:**

Describe which causes of action you are asserting against Dorothy Marchan in her individual capacity and which of those you are asserting in her official capacity.

**Answer:**

**Interrogatory No. 24:**

Identify all document that are relevant to this action and provide the location or address where those documents may be found.

**Answer:**

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _Arturo G. Michel_

**Arturo G. Michel**
State Bar No. 14009440
**Attorney-in-Charge**

Bracewell & Patterson, L.L.P.
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Facsimile: (713) 221-1212

ATTORNEYS FOR THE DEFENDANT,
DOROTHY MARCHAN

OF COUNSEL:

**Yuri A. Calderón**
State Bar No. 00783779
Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205
(210) 226-1166 - Telephone
(713) 226-1133 - Facsimile

CutePDF - www.fastio.com

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Defendant's First Set of Written Interrogatories to Plaintiff via U.S. Certified Mail, Return Receipt Requested, to Mr. Raul Steven Pastrana, Pastrana Law Firm, 812 San Antonio Street, Suite G20, Austin, Texas 78701, counsel of record for Plaintiff, on April 5, 2001.

Yuri A. Calderón

# EXHIBIT "B"

CVISPDF – www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN PINA, SR., Individually | § | |
| And as Next Friend Of | § | |
| JUAN PINA, JR. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-111 |
| | § | |
| DOROTHY MARCHAN, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

TO:   Plaintiff, JUAN PINA, SR., Individually and
as Next Friend of Juan Pina, Jr.
By and through his attorney of record
Raul Steven Pastrana
Pastrana Law Firm
812 San Antonio Street, Suite G20
Austin, Texas 78701

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, DOROTHY

MARCHAN ("Defendant") requests that Plaintiff, JUAN PINA, SR., Individually and as Next

Friend of Juan Pina, Jr. ("Plaintiff") produce and/or provide for review and copying each of the

following documents and/or tangible items within thirty (30) days after service, pursuant to the

following instructions and definitions:

## DEFINITIONS AND INSTRUCTIONS

i.      "You," "your" and "Plaintiff" -- as used in these requests for production, the words "you,"

"you're" and "Plaintiff" mean  JUAN PINA, SR., Individually and as Next Friend of Juan

Pina, Jr. and/or any other person acting in a representative capacity.

ii.     "Defendant," means the Defendant, Dorothy Marchan, in both her individual capacity and her official capacity for Point Isabel Independent School District, her agents, representatives or employees.

iii.    "Persons" -- as used in these requests for production, the words person or persons include natural persons, firms, partnerships, associations, joint ventures, and corporations.

iv.    "Documents" -- as used in this request, the word "documents" means and includes all originals and non-identical copies of any papers, books, accounts, writings, memoranda, notes, investigation reports, drawings, graphs, charts, photographs, phone records, audio recordings, video recordings, electronic recordings and other data compilations from which information can be obtained and translated, if necessary, by you through detection devices into reasonably usable form, and tangible things.

v.     "Identify" -- in those instances when the word identify is used in these interrogatories, it should be interpreted as requiring the following:  with respect to persons, the person's name, last known address, and telephone number; with respect to documents or things, it should be interpreted as requiring sufficient information regarding the item so that the party seeking discovery can locate and identify the object as readily as the party from whom it is being sought.

vi.    "Computer-based information" -- in those instances where requested information is stored only on software or other data compilations, the responding party should either produce the raw data along with all codes and programs for translating it into usable form, or produce the information in a finished usable form that includes all necessary glossaries, keys and indices for interpretation of the material.

CMxPDF - www.fasoo.com

vii.    "Document destruction" -- it is requested that all documents and/or other data compilations that might impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease.

viii.    The following documents, in the possession custody or control of the Plaintiff, are to be produced for inspection, examination and copying within 30 days of the date of this request. If the documents are not attached for some reason, explain why they are not attached, state the name, address, and telephone number of the person having custody of the documents, and when and where the documents might be secured.

CutePDF - www.texisa.com

## DOCUMENTS REQUESTED

1.     All written or recorded statements by any party concerning this lawsuit or its subject matter.

2.     All written, oral, recorded or any other kind of statement or communication in your possession of any employees, agents, or representatives of the Point Isabel Independent School District concerning you and/or Juan Pina, Jr., including any notes taken by any person of conversations between you and the Defendant or any Point Isabel Independent School District employee or officer.

3.     All documents that show the identity of any witnesses to, or any other persons with knowledge of relevant facts concerning, the occurrence(s) made the basis of this suit and events resulting in these occurrence(s).

4.     All documents and tangible things that have been made or prepared *by* any expert who may be called to testify as a witness in this case.

5.     All documents and tangible things that have been made or prepared *for* any expert in anticipation of the expert's trial and/or deposition testimony, or that forms the basis, either in whole or in part, of the opinions of an expert who may be called as a witness.

6.     All letters, correspondence and any other documents sent between the plaintiff, the plaintiff's agents, or the plaintiff's attorneys and any person who may be called as an expert witness.

7.     All documents that support, reflect, or relate to your alleged damages resulting from the actions of the Defendant in this lawsuit, including, but not limited to, a copy of all bills, receipts, invoices, or vouchers demonstrating the amount of damages.

8.     All documents that support, reflect, or relate to Juan Pina, Jr.'s alleged damages resulting from the actions of the Defendant in this lawsuit, including, but not limited to, a copy of all bills, receipts, invoices, or vouchers demonstrating the amount of damages.

9.     Any and all medical records, bills, invoices and reports generated for the treatment of Juan Pina, Jr.'s behavioral, psychotic and/or emotional disorders. In lieu of providing all records to Defendant, please execute the Authorization attached hereto as Exhibit "A" and return the executed Authorization with your responses to this Request for Production.

10. Any and all medical records, bills, invoices and reports generated for the treatment of Juan Pina, Jr.'s alleged injures received as a result of the incident subject of this suit. In lieu of providing all records to Defendant, please execute the Authorization attached hereto as Exhibit "A" and return the executed Authorization with your responses to this Request for Production.

11. All documents reflecting any agreement for attorney's fees between you and your attorney and all other documents on which the plaintiff may rely in seeking an award of attorney's fees in this case.

12. All photographs, moving pictures, films, videotapes, and audio recordings relating to or connected with your claims in this lawsuit.

Respectfully submitted,

Bracewell & Patterson, L.L.P.

By: _____

**Arturo G. Michel**
State Bar No. 14009440
**Attorney-in-Charge**

Bracewell & Patterson, L.L.P.
711 Louisiana Street, Suite 2900
Houston, Texas 77002-2781
Telephone: (713) 223-2900
Facsimile: (713) 221-1212

ATTORNEYS FOR THE DEFENDANT,
DOROTHY MARCHAN

OF COUNSEL:

**Yuri A. Calderón**
State Bar No. 00783779
Bracewell & Patterson, L.L.P.
800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205
(210) 226-1166 - Telephone
(713) 226-1133 - Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of Defendant's Request For Production to Plaintiff via U.S. Certified Mail, Return Receipt Requested, to Raul Steven Pastrana, Pastrana Law Firm, 812 San Antonio Street, Suite G20, Austin, Texas 78701 counsel of record for Plaintiff, on April 5, 2001.

Yuri A. Calderón

## MEDICAL RELEASE AUTHORIZATION

To Whom It May Concern:

I, Juan Pina, Sr., as parent of Juan Pina, Jr., hereby authorize BRACEWELL & PATTERSON, L.L.P. or their agents to inspect the original of any and all medical and/or counseling or psychological records on Juan Pina, Jr. that are in your possession or subject to your control. The information obtained by this authorization is for use in pending litigation and shall not be disseminated for any other purpose. You are specifically and expressly authorized to allow Bracewell & Patterson to make copies of the records. You are specifically and expressly authorized to accept a copy of this authorization with the validity as though it were an original. You are specifically and expressly released from any liability that would otherwise arise from a release of this information. I waive, on behalf of myself and any persons who may have an interest in this matter, all provisions of law relating to the disclosure of confidential medical information.

_____
Juan Pina, Sr.

THE STATE OF TEXAS          §
                            §
COUNTY OF _____           §

Before me, the undersigned authority, on this ____ day of _____, 2001, personally appeared Juan Pina, Sr. known to me to be the person whose name is subscribed to the foregoing instrument.

_____
Printed Name:_____
Notary Public, State of Texas
My Commission Expires:_____

**EXHIBIT "A"**

# EXHIBIT "C"

CVisPDF – www.fastio.com



2000 One Shoreline Plaza, South Tower
800 North Shoreline Boulevard
Corpus Christi, Texas 78401-3700
Phone: 361.882.6644
Fax: 361.882.6659

June 13, 2001

*By Telecopy*

Mr. Raul Steven Pastrana
Law Office of Pastrana
812 San Antonio Street, Suite G20
Austin, Texas 78701

Re:    Civil Action No. B-00-111; *Juan Pina, Sr. v. Dorothy Marchan*; In the United States
       District Court For the Southern District of Texas, Brownsville Division.

Dear Mr. Pastrana:

In our telephone conference last week, I informed you that my client authorized me to offer
$50,000.00 to settle the above-referenced matter. During the same conversation you informed me
that your client was prepared to accept $185,000.00 to settle this matter.

Although my client is unable to accept your client's demand, we are interested in continuing
negotiations in an effort to resolve this matter. Therefore, by copy of this letter, I am requesting that
the Mediator, Judge James DeAnda, continue to assist us in our settlement negotiations.

In light of the quickly approaching deadlines, we must continue preparing this case for trial. As
such, it has come to my attention that your client has not responded to the discovery which we
propounded to your client. Specifically, we served you with the Defendant's First Set of
Interrogatories and Requests for Production on April 5, 2000. Your client's answers were due on
or about May 8, 2001, and to date, I have not received your client's responses. Please send those
to my office as soon as possible. On a different discovery matter, please know that I would like to
depose Mary Guayardo, Juan Pina's stepmother, prior to June 22, 2001, if possible. Please let me
know Ms. Guayardo's availability as soon as you can. I would also like to depose Dr. Hernandez.
I suspect that scheduling his deposition may be more difficult within the discovery deadline. Please
notify me if you would be willing to proceed with this deposition beyond the discovery deadline.
Nevertheless, I would like his report prior to the deadline.



Lastly, pursuant to our previous discussions regarding the IME of Juan Pina, Jr., we would like to use a psychologist by the name of Dr. JoAnn Murphey, who is located at 12915 Jones Maltsberger, Suite 400, San Antonio, Texas 78230, (210) 495-0221. Dr. Murphey requires a diagnostic interview with the Subject to determine what testing will be appropriate for the situation (especially since the Subject is a minor child). Therefore, I have tentatively scheduled Juan's interview for June 28, 2001 at 3:30 p.m. Dr. Murphey indicated that it is possible to conduct some testing on Juan at this diagnostic interview, but most of the diagnostic testing will have to take place after the interview. Therefore, another appointment for the actual testing will have to be scheduled. Due to time constraints, I have sent the Motion to the Court for filing.

I know I have covered several different issues in this correspondence, however, it is my hope that we will be able to reach a resolution of this matter soon. Please call me at your earliest convenience to discuss these pending issues.

Thank you for your continued courtesy and cooperation.

Very truly yours,

Bracewell & Patterson, L.L.P.

Yuri A. Calderon

YAC/tmz

cc:     Honorable James DeAnda
        Solar & Associates, L.L.P.
        Williams Tower
        2800 Post Oak Boulevard, Suite 6300
        Houston, Texas 77056

CALDYA\068296\000006
SAN ANTONIO\556584.2
6/13/01-5:22 PM



**B**RACEWELL
**&P**ATTERSON L.L.P.
ATTORNEYS AT LAW

800 One Alamo Center
106 S. St. Mary's Street
San Antonio, Texas 78205-30603
Phone: 210.226.1166
Toll Free:  888.597.1166

## Fax Cover Letter

Please deliver the following pages to  Raul Steven Pastrana

Fax Number:  512-322-9885

This fax is from  Yuri A. Calderon

and is being transmitted on  June 13, 2001  at  5:34 PM  .  The length of this fax, (including the cover letter), is
12  pages.

**Client Matter Name: Pina/Marchan - Client Matter No.: 068296.000006**

The fax machine number is  210.226.1133.  If you do not receive all pages, please call 210.226.1166.

**Message**

## Confidentiality Notice

This fax from the law firm of Bracewell & Patterson, L.L.P. contains information that is confidential or privileged, or both.  This information is intended only for the use of the individual or entity named on this fax cover letter.  Any disclosure, copying, distribution or use of this information by any person other than the intended recipient is prohibited. If you have received this fax in error, please notify us by telephone immediately at 210.226.1166 so that we can arrange for the retrieval of the transmitted documents at no cost to you.

| Houston | Austin | Corpus Christi | Dallas | Fort Worth | San Antonio | Washington, D.C. | London | Almaty |